No. 2111.—ARMSTRONG and others *v.* THOMAS K. DAVIS.

Irregularities in the proceedings of the Probate Court ordering the execution of a will, and the relative nullities of the titles to property cannot be inquired into collaterally.

APPEAL from the Sixth District Court, parish of St. Helena. *Ellis,* J. *L. M. Pipkin* and *McVea & Hunter,* for plaintiffs and appellees, *Wilson & Bradley,* for defendant and appellant.

WYLY, J. In 1828, Moses Gordon bought two tracts of land adjoining each other in the parish of St. Helena from Samuel Lanier, and duly recorded his titles. One of the tracts containing three hundred and thirty-six and eighty-five-hundredths acres was acquired in the life time of his wife Mrs. Rutha Wells; the other was acquired after her death. At the time the sale to Gordon was made the said Samuel Lanier had five children issue of the marriage with his deceased wife.

Moses Gordon held possession of the land thus purchased, through his brother who remained over ten years in peaceable and undisturbed possession. Moses Gordon died and his brother continued in possession of the lands for his succession till 1839, when he also died. In a few years thereafter some of the heirs of Gordon's vendor, Samuel Lanier, took possession of the land, claiming a right thereto as heirs of their mother whose interest had not been sold, she having died before the sale. This right however only attached to the tract acquired in her life time.

In 1846 W. H. Kemp who married one of the heirs, purchased by notarial act, the claims of Pearson W. Lanier and Guion H. Lanier two other heirs of the said Samuel Lanier and his wife Mrs. Rutha Wells. They described the land in the act of sale as "being the same tracts of land sold by their father Samuel Lanier to Moses Gordon, senior, on the twenty-fifth of April, 1828, and therein fully described," etc. The consideration given these two heirs was two hundred dollars, they selling all their "interest and title to said lands, which they derived in and through their mother the said Rutha Wells, they only warranting the title against themselves and their heirs."

Such were the stipulations in the act of sale which was duly recorded. In 1848 W. H. Kemp and wife sold all their interest in said lands, by notarial act, to the defendant Thomas K. Davis, describing in the act the "lands as being the same which Samuel Lanier sold to Moses Gordon on the twenty-fifth of April, 1828." They only warranted the title so far as the same was vested in them by inheritance and by purchase from the other heirs Guion and P. W. Lanier; they expressly refused to "warrant the title against the heirs of Gordon or Armstrong."

On the twenty-second of October, 1866, the plaintiffs claiming to be the heirs and legal representatives of Moses Gordon and his wife Mary A. Gordon who had died in Wilkinson county, Mississippi, sued the defendant to recover the lands.

The answer denied generally the allegations of plaintiffs, denied that they are the heirs and legal representatives of Moses and Mary A. Gordon as alleged, averred that the land in controversy belonged to the defendant, and pleaded the prescription of ten, twenty and thirty years.

The case was tried by a jury and on the verdict the court rendered judgment in favor of plaintiffs for all the lands claimed except one-half of the tract of three hundred and thirty-six and eighty-five one-hundredths acres acquired by Samuel Lanier in the life time of his wife Rutha Wells.

The defendant has appealed.

The plaintiffs in their original petition claimed as heirs and legal representatives of Moses and Mary A. Gordon who died without issue in Mississippi; they afterwards amended their petition and claimed as testamentary heirs. The court permitted the amended petition to be filed and the defendant took a bill of exceptions. We can see no objection to the amended petition, the same being rather a specification of what kind of heirs they claimed to be, than an alteration of their pleadings, at least the amendment is not inconsistent with their original demand.

Plaintiffs are collateral relations of Mary A. Gordon and the testamentary heirs of Moses Gordon, both of whom dying in Wilkinson county, Mississippi, where their wills were duly probated.

On the first of May, 1867, the plaintiffs presented to the Probate Court of the parish of St. Helena, certified copies of the wills of Moses Gordon and Mary A. Gordon, and the probate thereof from the Probate Court of Wilkinson county, Mississippi, and the same was ordered to be registered and executed in said parish and State, in conformity with article 1682 of the Civil Code.

Plaintiffs offered as evidence of title the wills of Mary A. Gordon and Moses Gordon thus ordered to be executed in the Probate Court of St. Helena parish, and the same was received by the court, the defendant taking a bill of exceptions thereto on the ground that they had not been duly proved and ordered to be executed by a competent court, and because there was an interlineation of some words in the certificate from the Probate Court of Mississippi.

We think the bill of exceptions was not well taken; irregularities in the proceedings ordering the wills to be executed, and relative nullities in the title cannot be inquired into collaterally. 5 M. 661; 6 N. S. 361; 2 L. 70: 15 L. 537; 2 A. 451.

The wills establish the titles of plaintiffs to all the land owned by Moses Gordon in the parish of St. Helena. The evidence in the record fully sustains the verdict of the jury. The defendant's vendors only claimed to sell him the interest in the lands which they derived from their mother Rutha Wells, which was only her half of the community in the three hundred and thirty-six and eighty-five one-hundredths acres. The very deeds under which he holds describes the lands as

the same sold by Samuel Lanier to Moses Gordon, and contains a clause that his vendors will not "warrant the title against the heirs of Gordon or Armstrong." The titles of Moses Gordon to the land in question have been recorded in the parish where it is situated since 1828, and he held peaceable possession thereof through his brother till 1839.

The defendant went into possession of the land only in 1848, and he has not held the same by a just title. The prescription therefore of ten and twenty years cannot avail him, and that of thirty years has not been acquired.

From a careful examination of the evidence, the plaintiffs have, in our opinion, made out their case beyond doubt.

It is therefore ordered that the judgment appealed from be affirmed with costs.